UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

Charles Dean
plaintiff

2015 FEB 13  P 12:50

v.                               Civil No. 14-cv-555-JL

Andrew Galletta
defendant

Amended Complaint Pursuant To Fed.R.Civ.P.
15(a)

   Comes Now Charles Dean, pro se plaintiff, and fully adopts and incorporates his initial complaint in its entirety, only adding the following pleadings to respectfully comply with the court's 12/22/2014 order, as follows:

1. As an initial matter, the plaintiff pleads excusable neglect for not having this amendment filed by January 26,2015, as the court orders. The plaintiff was transferred to another prison shortly after filing this suit, and the delay in his mail catching up to him lead him to receive the court's order late and to need additional time to complete the addendum. The plaintiff asks the court's forgiveness and indulgence in this regard, and asks the court to allow this addendum to be received by February 20,2015.

2. The plaintiff was a citizen of the state of Louisiana before he was incarcerated, thus the court is vested with diversity jurisdiction to hear this matter based upon the plaintiff being a citizen of Louisiana and the defendant being a citizen of the state of New Hampshire.

3. The plaintiff voluntarily dismisses the state law tort claims based upon the defendant's actions having occurred during the scope of his employment.

4. The plaintiff hereby clarifies that he did intend to state a claim that the defendant violated his Eighth Amendment rights, and he charges the defendant in both his personal and official capacity. The plaintiff specifically charges the defendant with Endangerment and Cruel and Unusual Punishment, both violations of the Eighth Amendment pursuant to Bivens as referenced by the court in its 12/22/2014 order. The safety and security of all prisoners is protected by the Constitution. See Deshaney v. Winnebago County Dep't of Soc. Servs., 489 US 189,190, 109 S.Ct. 998,103 L.Ed. 2d,249 (1989); Youngberg v. Romeo, 457 US 307 ,315-16,102 S.Ct. 2452,73 L.Ed.2d 28 (1982). To state a constitutional claim of endangerment, a plaintiff must allege that the defendants were aware of and deliberately indifferent to a serious risk to his safety. See Burrell v. Hampshire County, 307 F.3d 1,7 (1st Cir 2002). In the case at bar, it is beyond dispute that the defendant knew of the very serious risk to the plaintiff's health posed by the chemical he gave the plaintiff, the serious risk made known right on the label of the product. Despite the warning label, the defendant was deliberately indifferent to the serious health risk the plaintiff stood to incur, and the defendant neither provided any respiratory safety equipment of any type, nor did the defendant take any action whatsoever to try and ventilate the work area per the written safety instructions. Worse still, the defendant

is the chief safety officer of the entire prison and knew, or clearly and reasonably should have known as the chief safety officer, of the substantial and serious health risk posed to the plaintiff by his handling of the product. Also, the use occurred not once, but several times, and yet even after the prison staff became violently ill the defendant still took no action to ventilate the area or to provide breathing safety equipment per the instructions plainly obvious on the product's label. The defendant therefore recklessly endangered the safety of the plaintiff, and clearly showed a deliberate indifference to risk he clearly knew the plaintiff stood to suffer. The defendant's deliberate indifference harmed the plaintiff by needlessly causing him respiratory pain, discomfort, shortness of breath, fatigue, headaches, nausea, and permanent dizzy spells.

   The plaintiff respectfully prays for the court to accept this amendment and to allow his suit to proceed. Also, the defendant was at all times in the complaint acting under the color of law.

                                          Respectfully,

   Date: FEB-9-15    Charles Dean
                     Charles Dean
                     43732-279
                     F.C.C. Yazoo City Camp G-2
                     PO BOX 5000
                     Yazoo City, MS 39194