UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles Dean
plaintiff

v.                              Civil No. 140cv-555-JL

Andrew Galletta
defendant

Plaintiff's Opposition To Defendant's
Motion To Dismiss

Plaintiff Charles Dean, proceeding pro se, hereby respectfully files his pleading opposing the defendant's motion to dismiss, based on the following:

1. The defendant has filed a motion to dismiss the above referenced action, the motion to dismiss alleging the defendant has qualified immunity and that the plaintiff has failed to state a claim of endangerment under the Eighth Amendment. The plaintiff will address each of these issues next.

Qualified Immunity/Endangerment Claim Under 8th Amendment

2. It is well settled in the district courts that there is a two-step analysis used to determine if a public official is entitled to qualified immunity, qualified immunity ordinarily thought of as a question of law for the court. To assess qualified immunity a court must decide :1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right ; and (2) of it does, whether the right was a "clearly established right at the time of the alleged violation of which a reasonable officer would have knowledge of. That is, a right is "clearly established" if at the time a reasonable official would have understood that what he is doing violates that right. see Anderson v. Creighton, 483 US 635,640,107 S.Ct. 3034,97 L.Ed. 2d 523 (1987). Also, if a determination of qualified immunity hinges on a disputed material fact, the factual dispute must be resolved by a jury and dismissal is inappropriate.

2. In the case at bar, the plaintiff has sufficiently plead a prima facie case to establish that his Eighth Amendment rights were violated by the defendant. The safety and security of all prisoners is protected by the Constitution. see Deshaney v. Winnebago County Dep't of Soc. Servs., 489 US 189,190, 109 S.Ct 998,103 L.Ed.2d, 249 (1989). To state a constututional claim of endangerment under the 8th Amendment, a plaintiff must allege that a defendant was aware of and deliberately indifferent to a serious risk to his or her safety. see Burrell v. Hampshire County, 307 F.3d 1,7 (1st Cir 2002). In the case at bar, it is beyond dispute that the plaintiff has alleged that the defendant

-1-

has pled sufficient facts to establish an 8th Amendment Claim of Endangerment, because he stated with specificity the fact that the risk of poison to the plaintiff by the product given to the plaintiff by the defendant were stated right on the cover of the product itself. The risk of very serious harm was plainly obvious to the defendant on the label of the product, yet despite knowing that risk acted with deliberate indifference to the risk and gave the plaintiff the product without following any of the safety measures called for when using such a product. In this case the defendant was clearly aware of the risk of serious harm, and his decision to be deliberately indifferent to that risk has clearly stated an 8th Amendment claim of Endangerment.

3. Having established that the plaintiff has sufficiently made out a constitutional claim, we turn back to the issue of qualified immunity. We have already proferred case law establishing that the safety and security of all prisoners is protected by the Constitution. As to the issue of whether the plaintiff's right to be protected from poisonous fumes was "clearly established", meaning the defendant should have reasonably known that his actions violated the plaintiff's right, it must be stated that the defendant is no ordinary correctional officer, that as the Captain of the prison he is the in fact the chief safety officer responsible for maintaining the safety and security of all inmates and staff. It is beyond dispute, therefore, that in his many years of training and practice in the BOP he could not have reasonably known that when asking an inmate to apply a product labeled with a serious risk of harm he should have followed BOP safety protocol and the warning label on the product itself. BOP Policy itself requires the issuance of protective equipment and procedures when inmates handle poisonous products, and under BOP Program Statement P1600.099(1) and P1600.09(2), P1600.09(2)(a)_(3) and P.1600.09(2)(f)(2) require the control of hazardous material, the wearing of personal proetctive material, the employment of proper hazard control methods, and the issuance of respiratory protection for inmates performing tasks involving hazardous and toxic fumes. As head of all safety at the prison it is objectively unreasonable under any context that he would not have been aware of the risks of the product and that he would not have understood that his action's violated the plaintiff's constitutional right to be reasonably protected from that harm. This is all the more so where BOP Policy clearly mandated the protection which the prison's chief safety officer failed to even minimally ensure, the defendant not taking any measure at all in this case to protect the plaintiff from harm.

4. Therefore, the plaintiff has shown that he fully pled a proper claim of Endangerment under the 8th Amendment, and that under the circumstances of this case the defendant is not entitled to qualifed immunity.

WHEREFORE the plaintiff respectfully asks the court to deny the defendant's motion to dismiss.

Respectfully,

Date: 9-29-15   *Charles Dean*
Charles Dean
43732-279
Texarkana Federal Prison Camp
PO BOX 9300
Texarkana, TX 75505

Certificate of Service

Charles Dean Hereby Certifies that a true copy of this document was sent via first class mail, postage prepaid, to Andrew Galletta, Captain, FCI Berlin, 1 Success Loop Road, Berlin NH 03570.

Date 9-29-15   *Charles Dean*
Charles Dean
43732-279
Texarkana Federal Prison Camp
PO BOX 9300
Texarkana, TX 75505