UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles Dean

    v.                                            Civil No. 14-cv-555-JL

Andrew Galletta

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Charles Dean brings this Bivens action against Captain Andrew Galletta of the Federal Correctional Institution in Berlin, New Hampshire. On May 1, 2017, Galletta, who is also appearing pro se, moved for summary judgment. Doc. no. 39, 40. Dean has not responded to that motion and has not appeared in this matter since August 7, 2017. On January 8, 2018, the undersigned issued an order directing Dean to show cause within fourteen days why this matter should not be dismissed for failure to prosecute. Doc. no. 45. Dean has not responded to that order. The court accordingly recommends, for the reasons stated below and in the show cause order, that this matter be dismissed without prejudice for failure to prosecute.

    "A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b) . . ."

Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). These reasons include, among others, the failure to comply with any order of the court, id., and the failure to diligently prosecute a case, Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (citation omitted). The court, mindful of "the strong presumption in favor of deciding cases on the merits," Garcia-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), considers the totality of the circumstances in determining whether dismissal is appropriate. See Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004). In particular, the court considers whether: (1) plaintiffs prosecuted their claims diligently prior to their apparent abandonment of the lawsuit; (2) the court fairly warned plaintiff of its inclination to dismiss absent diligent prosecution; and (3) the ramifications of the plaintiffs' failure to prosecute "constituted misconduct sufficiently extreme to justify dismissal with prejudice." Id. internal quotation marks and citations omitted).

As discussed in greater detail in the show cause order, Dean has made sporadic contact with the court since as early as February 2017. He has not responded to Galletta's motion for summary judgment despite numerous extensions and has not updated

his address despite his apparent awareness that he is required to do so under Local Rule 83.6(e).  The court indicated in the show cause order that it was inclined to recommend dismissal if Dean did not appear.  As he has not done so, the court finds it appropriate to recommend that the district judge dismiss this case for failure to prosecute.  The court declines, however, to recommend that this matter be dismissed with prejudice, as Dean's conduct does not rise to the level where such a sanction would be justified.  See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (noting the factors a court should consider when determining whether dismissal with prejudice for failure to prosecute is appropriate).

In sum, the court recommends that the district judge dismiss this action without prejudice for failure to prosecute.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 29, 2018

cc: Charles Dean, pro se
    Andrew E. Galletta, pro se.